[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 97-2118

ZORAIDA CRUZ-CAJIGAS,
Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Boudin, Stahl and Lynch,
Circuit Judges.

Melba N. Rivera-Camacho and Melba N. Rivera Camacho & Assocs.on brief for appellant.
Honorable Guillermo Gil, United States Attorney, Lilliam
Mendoza Toro, Assistant United States Attorney, and Donna McCarthy,
Assistant Regional Counsel, Social Security Administration, Office
of the General Counsel, on brief for appellee.

June 18, 1998

Per Curiam. Appellant Zoraida Cruz Cajigas ("Cruz")
appeals from the district court's judgment upholding the denial
of her application for Social Security disability benefits. We
remand for further consideration consistent with this opinion. 
In October 1993, Cruz filed an application for
disability benefits, based on pinched nerves in her hands, neck
pain, lower back pain radiating to her leg, and muscle spasms. 
In support of her claim, she submitted medical records dating
from April 1993 to June 1994 showing her treatment for back and
neck pain and muscle spasms. Her application was denied
initially in April 1994 and on reconsideration in August 1994. 
At a hearing before an administrative law judge ("ALJ"), Cruz
testified about her various impairments and symptoms and
submitted medical evidence showing that she had had carpal
tunnel surgery in October 1994.
The ALJ concluded that Cruz was not disabled. In
addition to other medical evidence, he relied on a residual
functional capacity ("RFC") assessment by a nonexamining
consulting physician, which had been based on the medical
evidence relating to Cruz's back and neck condition. While
this physician believed that Cruz could perform medium
exertional work, the ALJ partially credited her testimony at
the hearing, determining that she could only perform the
exertional requirements of light unskilled work. He stated
that Cruz could not perform her past work of sewing shoes by
hand "due to the good manual dexterity requirements of the
job." Citing the Medical-Vocational Guidelines as a framework
for his decision, he concluded that Cruz was not disabled,
stating that "[m]ost light work does not require good manual
dexterity[.]"
The Appeals Council denied review and Cruz filed an
action in federal district court seeking review of the ALJ's
decision. Her primary contention was that substantial evidence
did not support the determination that she could do light work. 
Concluding that substantial evidence supported the denial of
benefits, the district court affirmed the decision, and Cruz
appealed to this court.
On appeal, she again asserts principally that
substantial evidence did not support the ALJ's determination
that she could perform light work. We think the district court
correctly rejected that claim as it related to the back and
neck condition. While there was medical evidence on that
condition which might have supported a determination that Cruz
was disabled, there was also medical evidence which would
support a different conclusion. For example, while a physician
who had treated Cruz for her back and neck pain had expressed
the opinion that, exertionally, she was "severely limited," the
Commissioner's consulting physician had determined, after
reviewing her medical record, that she could perform medium
work. Since the treating physician had treated Cruz for only
several months and had not considered the diagnostic
examinations, showing an essentially normal spine and
extremities, which had been considered by the consulting
physician, we cannot say that the ALJ unreasonably discounted
the treating physician's functional assessment. 
Nonetheless, we are troubled by one aspect of this
case: the apparent determination by the ALJ that Cruz lacked
good manual dexterity, but could perform light unskilled work. 
Cruz did not squarely present this issue for our consideration,
as clearly as she could have, but she did object that the
consulting physician had not considered her carpal tunnel
syndrome in assessing her RFC, and she did assert that the
ALJ's determination that she could no longer perform her prior
light work of sewing shoes by hand conflicted with his
determination that she could perform other light work. Since
disability proceedings are nonadversarial, we give her the
benefit of the doubt on this point and conclude that her
arguments suffice to preserve this issue for our review. 
Unfortunately, as the record now stands, it is hard
to evaluate this potentially significant claim. As indicated,
the ALJ apparently found that Cruz lacked good manual
dexterity, but he did not explain why this was so, and the
evidence of record on that issue is limited and equivocal. At
the hearing, Cruz submitted medical evidence showing her
surgery for carpal tunnel syndrome, a condition which
apparently arose only after the Commissioner had a consulting
physician examine her relative to her other impairments and
after the Commissioner had solicited an RFC assessment of those
other impairments. By itself, the evidence of past carpal
tunnel surgery is inconclusive and may or may not point to a
dexterity problem. If credited, however, Cruz's hearing
testimony might support a conclusion of inadequate hand
dexterity. If Cruz has a loss in dexterity, it could affect
her ability to perform light unskilled work. See Soc. Sec.
Rul. 83-14 ( "many" unskilled light jobs require the gross use
of the hands to grasp, hold and turn objects); Soc. Sec. Rul.
85-15 (the ability to work with the whole hand, e.g., to seize,
hold, grasp and turn, is required in almost all jobs). 
In the absence of subsidiary findings by the ALJ, we
are therefore uncertain about the extent of the dexterity
problem perceived by the ALJ and whether it would in fact
permit Cruz to perform light unskilled work. Lest there be
any injustice, we think it appropriate to remand to the ALJ for
further consideration and explanation, including, in the ALJ's
discretion, the taking of further medical evidence and
testimony by a vocational expert, should the degree of
impairment warrant it. Our remand intimates no opinion as to
what the outcome should be: the ALJ remains free to determine,
after further consideration consistent with this opinion, that
Cruz's hand condition is not disabling. We remand solely to
permit further consideration of, and explanation concerning,
this narrow issue, which lacked adequate development, having
arisen after the Commissioner had obtained medical evidence and
evaluations on Cruz's other impairments.
The decision of the district court is vacated and the
district court is directed to enter an order remanding the case
to the Commissioner of Social Security for further proceedings
in accordance with this opinion.